# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. ) <br> AND BRITTANY AMES MAHONEY ) <br>           PLAINTIFFS ) <br> VS. ) <br> ) <br> ) <br> COLUMBIA DENTAL, P.C., ) <br> COLUMBIA ORAL MAXILLOFACIAL ) <br> IMAGING, L.L.C., AND ) <br> ABBAS MOHAMMADI, D.D.S. ) <br> ) <br>           DEFENDANTS ) <br> ) | Civil Action No. 3:15CV918 (SRW) <br><br> **FALSE CLAIMS ACT** <br> Action Filed Pursuant to <br> 31 U.S.C. § 3729, et seq. <br><br> **FILED IN CAMERA** <br> **AND UNDER SEAL** <br> 31 U.S.C. § 3730 (b) (2) |

**CONTENTS:**        **FALSE CLAIMS ACT COMPLAINT**

SUBMITTING ATTORNEY:    Attorney John F. O'Brien, Federal Bar No. ct14412
                                       Attorney for Plaintiff/Relator
                                       411 Center Street, Manchester, CT 06040-3925
                                       860-649-1010 / 860-432-7371 fax
                                       attyjfobrien@aol.com

JUDICIAL OFFICER:      _____

DATE SEALED:           June ____, 2015

DATE UNSEALED:       _____, 201___

**The Clerk is directed to seal the contents of this envelope until further Order of the Court.**

SO ORDERED on this the _____ day of June 2015 at Hartford, Connecticut.

                                            _____
                                            Honorable _____
                                            [   ] United States District Judge
                                            [   ] United States District Magistrate

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. ) <br> and BRITTANY AMES MAHONEY ) <br> ) <br> PLAINTIFFS ) <br> VS. ) <br> ) <br> ) <br> COLUMBIA DENTAL, P.C., ) <br> COLUMBIA ORAL MAXILLOFACIAL ) <br> IMAGING, L.L.C., AND ) <br> ABBAS MOHAMMADI, D.D.S. ) <br> ) <br> DEFENDANTS ) <br> ) <br> _____ ) | Civil Action No. <br><br><br><br> **FALSE CLAIMS ACT** <br> Action Filed Pursuant to <br> 31 U.S.C. § 3729, et seq. <br><br><br> **FILED IN CAMERA** <br> **AND UNDER SEAL** <br> Per 31 U.S.C. § 3730(b)(2) <br><br> JUNE _12_, 2015 |

## FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

### I.     INTRODUCTION

1. This ***qui tam*** action is brought by relator, Brittany Ames Mahoney, to recover monetary damages, treble damages and civil penalties on behalf of the United States of America arising from false, fraudulent and illegal claims by defendants, acting individually and in concert between and amongst themselves and with their agents, co-conspirators, directors, employees, officers and partners in violation of the Federal Civil False Claims Act, 31 U.S.C. §§ 3729, et seq., as amended and hereinafter referred to as "the Act". As alleged herein, the violations of the Act involve vast numbers of false and inflated claims for payment by the United States, through the federal Department of Health and Human Services under the Medicare and Medicaid programs, to defendants for dental and related services which claims defendants knew were false and inflated for services that were either never performed or those which were performed, were done at a lesser, lower or reduced level of service

than claimed. Relator alleges, based upon her personal knowledge and belief, that defendants' false claims and billing practices were rampant and knowingly and wilfully engaged in and carried out by defendants and their agents, employees and partners in the regular course of doing business. Defendants' wrongful misconduct caused very substantial monetary losses to the United States in that it paid for dental and related services that were never performed or at an inflated rate for lesser dental services than were claimed.

2. This action is filed "IN CAMERA" and is SEALED pursuant to 31 U.S.C. 3730 (b) (2). Relator respectfully requests that this matter remain IN CAMERA and UNDER SEAL subject to an investigation of the allegations set out herein by the office of the Attorney General of the United States and by the office of the United States Attorney for this District. A copy of this Complaint is duly served to the Honorable Loretta Lynch, or her successor, as Attorney General of the United States at the Department of Justice, 10th and Constitution Avenues, N.W., Washington, D.C. 20530, and to Richard M. Molot, Assistant United States Attorney for the District of Connecticut at 157 Church Street, 23rd Floor, New Haven, Connecticut 06510.

3. As required by the False Claims Act, 31 U.S.C. §§ 3730 (b) (2), relator has provided the Attorney General of the United States and the Assistant United States Attorney for the District of Connecticut an affidavit statement of all material evidence and information related to the Complaint. This disclosure of statement is supported by specific and material evidence known and obtained by relator at her filing establishing the existence of Defendants' false claims against the United States. Because the statement includes attorney-client communications and work product of relator's attorney and is submitted to the Attorney General and to the United States

Attorney in their capacity as potential co-counsel in the litigation, the relator understands this disclosure to be confidential.

## II. JURISDICTION AND VENUE

4. This action arises under the False Claims Act, 31 U.S. C. §§ 3729 *et seq*. This Court has jurisdiction over this case pursuant to 31 U.S. C. §§ 3732 (a) and 3730 (b). This Court also has jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 28 U.S.C. §§ 1331.

5. Venue is proper in this District pursuant to 31 U.S. C. §§ 3732 (a) because the acts proscribed by 31 U.S. C. §§ 3729 *et seq* and complained of herein took place in this district, and is also proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because at all times material and relevant herein, Defendants transacted and continue to transact their dental and related business in this District.

## III. PARTIES

6. Plaintiff/Relator, Brittany Ames Mahoney, is a resident of the state of Connecticut. She was was employed by defendant, Columbia Dental, P.C., between April 2012 and on or about February 19, 2013 in several different capacities including but not limited to, as a dental assistant and as a billing assistant. She regularly worked in excess of forty hours per week and was normally deprived of a regular schedule of work hours. At all times during the course of her employment, relator was under the direct supervision and control of the defendant, Abbas Mohammadi, D.D.S., with whom she had regular contact and private communications about matters relevant to this action and who is the sole owner, principal and proprietor of both of the two defendant business entities named herein. Relator brings this action based upon her own personal and direct knowledge of defendants' misconduct as alleged herein.

3

7. The United States through plaintiff/relator Brittany Ames Mahoney brings this action on behalf of the United States of America and its agencies, the Department of Health and Human Services ("HHS") and its subordinate, the Health Care Financing Administration ("HCFA"), and on behalf of the Medicare and Medicaid Programs of the United States government.

8. Defendant, Columbia Dental, P.C. is a professional corporation organized under the laws of the state of Connecticut and is doing business within Connecticut since at least 2000 or earlier, where it operates approximately fifteen (15) dental offices across this state. Its principal business office is located at 483 West Middle Turnpike, Unit 214, Manchester, Connecticut 06040.

9. Defendant, Columbia Oral Maxillofacial Imaging, L.L.C., is a limited liability company organized under the laws of the state of Connecticut and is doing business since at least 2005 or earlier, where it operates at least one dental imaging facility located at 483 West Middle Turnpike, Unit 309, Manchester, CT 06040.

10. Defendant, Abbas Mohammadi, D.D.S., is a dentist licensed by the state of Connecticut and is the director, founder, incorporator, managing partner, owner and principal and sole proprietor of both defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C. and at all times relevant to this action exclusively controlled and directed all of the operations, policies and practices of both businesses including the preparation, coding and submission of claims for payment for dental and imaging services to the United States government for very substantial payments under the Medicare program and to the state of Connecticut for very substantial monetary payments under the Medicaid program, funded with substantial federal dollars, as more fully set forth below.

## IV. THE CIVIL FALSE CLAIMS ACT

11. The Civil False Claims Act, 31 U.S.C. §§ 3729, et seq., as amended, by the Fraud Enforcement and Recovery Act of 2009, Section 4(a) in pertinent part provides:

**Liability for Certain Acts**

"(1) IN GENERAL – any person who –

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval:

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

is liable to the United States Government for a civil penalty of not less than $5,000.00 and not more than $10,000.00, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461, note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

## V. THE MEDICARE PROGRAM

12. Congress, in 1965, enacted Title XVIII of the Social Security Act, known as the "Medicare Program" or "Medicare", to pay for the costs of certain health care services, including dental care and services, for certain eligible recipients of such Medicare benefits. Eligibility for Medicare benefits is determined by the age, disability or afflictions of applicants and participants. See 42 U.S.C. §§ 426, et seq.

13. The federal Department of Health and Human Services (HHS) is responsible for the administration of the Medicare Program and does so through its subordinate agency, the Health Care Financing Administration ("HCFA") which receives claims for payment for dental services provided to Medicare participants and then disburses funds belonging to the United States to pay providers, including the defendants herein, for such dental and related services.

5

**14.** The Medicare Program requires that all health care providers, such as and including the defendants herein, follow all applicable federal instructions, policies and regulations surrounding the accurate preparation of claims for payment for services which includes a certification that all such claims are accurate, complete, correct and truthful and based upon medical or dental services that were actually necessary, provided and completed.

**15.** The accuracy and integrity of the billing claims submitted by health care providers, such as and including defendants herein, forms the basis for the determination whether or not Medicare payments of public funds are due to such providers and in what amount.

**16.** The United States government relies very heavily upon the integrity of health care providers, such as and including defendants herein, in submitting accurate and true billing claims for Medicare payments so that the Medicare Program may be administered in full accordance with federal law and that federal government funds are spent only as Congress provided.

**17.** As hereinafter described, defendants deliberately and repeatedly took advantage of the Medicare Program and thus, the United States, by knowingly submitting false and fraudulent billing claims for payment to the United States government for dental and related services that were either never in fact provided or were entirely unnecessary or were done at a lesser or lower level of service than was billed for.

## VI. **THE MEDICAID PROGRAM**

**18.** The United States together with those states that wish to participate in it, including the state of Connecticut, jointly fund the Medicaid Program within such states to provide

health care benefits, including for dental care services, primarily to poor and disabled American citizens including approximately twenty percent (20%) of the population of Connecticut. The United States primarily provides very substantial federal funds as or by matching funds to those states that participate in the Medicaid Program but the actual administration of that program is left to the respective states with only nominal federal oversight. See 14 U.S.C. §§ 1396, 1396D – (a), et seq. and 42 U.S.C. §§ 1396, et seq. and 42 C.F.R. § 430.10

**19.** All health care providers, such as and including the defendants herein, must certify that all claims they submit for payments under the Medicaid Program are accurate, correct and truthful and based upon medical or dental services that were actually necessary, provided and completed.

**20.** The submission of false and fraudulent claims for payment under the Medicaid Program, by health care providers, such as and including the defendants herein, causes real economic damage and loss to both the United States and the subject state when public funds are disbursed to pay for medical or dental services that were never performed or unnecessary or performed at a lesser or lower level than claimed and paid for by government reimbursement.

**21.** As alleged herein, defendants engaged over a long period of time in a comprehensive and deliberate scheme to regularly and continuously submit false and fraudulent claims for payments under both the Medicare and the Medicaid Programs to both the United States government and the government of the state of Connecticut for dental and related services that were in many cases never performed at all or were unnecessary or performed at a lesser extent or

lower level of service than what was claimed and reimbursed. Such continuous submission of false and fraudulent claims to the United States government was a deliberate and routine business practice of all defendants herein that was corrupt and fraudulent and cost the United States very substantial financial losses over a very long period of time.

22. The vast number of false and fraudulent claims for payment submitted by the defendants were all done deliberately and knowingly in order to improperly receive a vast number of excessive, fraudulent unjustified and unlawful payments from the United States directly under the Medicare Program and indirectly, under the Medicaid Program and thus were all violations of the Civil False Claims Act, as aforesaid.

### VII. FACT ALLEGATIONS

23. Defendants are all health care service providers and participate in the federally funded health care programs including Medicare and Medicaid within the meaning of 42 U.S.C. § 1395x (u) and they all knowingly engaged in the submission of false and fraudulent claims to the United States government for payment of government funds that included inflated billings for dental and related services that were never provided to any patient or which were unnecessary or provided to a lesser extent or lower level than claimed and they all wrongfully received and retained payment of very substantial sums United States government funds for the same.

24. Defendant, Abbas Mohammadi, D.D.S., had sole control over all of the financial and billing operations, policies and practices of his solely owned dental enterprises, the

defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C, and he knowingly and intentionally instituted and enforced such corrupt billing policies and practices as mandated standard operating procedures that were specifically designed and intended to, and did, defraud the United States for the payment of vast sums of monetary benefits to which the defendants were not entitled under the subject federal laws.

25. The defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C, under the personal control and direction of defendant, Abbas Mohammadi, D.D.S., throughout relator's employment at Columbia Dental, P.C., and reasonably long before, and since her resignation from that dental practice, certified to the United States that their business and claims practices were entirely compliant with all of the applicable federal rules and regulations regarding their claims for compensation under the Medicare program and that all claims submitted to the federal government for reimbursement were accurate, true and legitimate under those laws and regulations.

26. The defendants knowingly and deliberately established and operated a corrupt enterprise and system to routinely and systematically defraud the United States government and maximize their wrongful receipt of funds from the United States for fraudulent claims for dental and related services that were either never performed or provided at all or not to the extent or level for which they were billed.

27. The defendants implemented and enforced their aforesaid corrupt billing policies and practices amongst their employees, including relator herein, through coercion and intimidation by aggressively not tolerating any dissent or questions regarding such corrupt and fraudulent billing practices and furthermore, any employee, such as and including the relator herein, who ever

questioned or resisted such unlawful conduct was harassed and deprived of compensation through reduced work hours and ridiculed and humiliated in front of their peers.

28. Defendants implemented a method of compensating the dentists they employed that was inherently corrupt because it based their remuneration upon a percentage or share of the billings they each generated for reimbursement from the federal government and other insurers and thus encouraged and induced their collaboration and cooperation in defendants' corrupt practices by falsely certifying that dental services had been performed when in fact they had never been done at all or were done to a lesser extent or level than what services were billed for and claimed all to increase their own individual and the defendants' earnings.

29. Defendants consistently and routinely submitted false billing claims to the United States government on the forms and in the format required by the government and transmitted these fraudulent forms to the government through the United States Postal Service mail and electronically over the telephone facsimile and internet wire services in their numerous offices.

## VIII. CLAIMS

### COUNT ONE – VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(1)

30. Relator incorporates by reference the allegations contained within the above paragraphs one through twenty-nine, inclusive, as if fully set forth here in this Count.

31. Defendants knowingly presented, or caused to be presented, to an officer or employee of the United States government, false and fraudulent claims for payment of very substantial sums of federal monies which they knew they were not entitled to.

32. Defendants made and presented claims to the United States government that they knew were false and fraudulent and through which they wrongfully sought and received excessive payments for those fraudulent claims from the federal treasury.

33. Defendants also made express and implied certifications that they knew were false in order to obtain excessive payment for their fraudulent claims from the United States.

34. Defendants' aforesaid corrupt conduct has caused very substantial financial damage to the United States.

## COUNT TWO – VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(2)

35. Relator incorporates by reference the allegations contained within the above paragraphs one through twenty-nine, inclusive, as if fully set forth here in this Count.

36. Defendants regularly and routinely created, used and caused to be presented to the United States government, claims records or statements that they knew were fraudulent in order to obtain excessive government payments to which they knew they were not entitled.

37. Defendants' aforesaid corrupt conduct has caused very substantial financial damage to the United States.

## COUNT THREE – RETALIATION IN VIOLATION OF FALSE CLAIMS ACT, 31 U.S.C. §§ 3730 (h)

**38.** Relator incorporates by reference the allegations contained within the above paragraphs one through twenty nine as if fully set forth herein.

**39.** Relator repeatedly challenged and questioned the corrupt billing and dental practices that she observed during the course of her employment by the defendants, Abbas Mohammadi, D.D.S. and Columbia Dental, P.C., by at first communicating her dissent to known abuses directly to defendant, Abbas Mohammadi, D.D.S. as the owner and principal.

**40.** Relator was aggressively told by Abbas Mohammadi, D.D.S. that the corrupt billing practices that she observed were the way that he had always done business and that she and all other employees must adhere to them by falsifying claims to the government for payment in the greatest possible amounts or face his consequences including termination.

**41.** Relator was threatened with termination and black balling or black listing within the dental profession if she did not always obey defendant Abbas Mohammadi, D.D.S. and stop questioning the corrupt billing and dental practices that she complained of and resisted.

**42.** Relator was publically and openly criticized, denigrated and humiliated before other employees and patients by Abbas Mohammadi, D.D.S. and his subordinate managers, and referred to as a "dumb bitch" and "ugly" and "a liar" and deprived of her full-time hours of work and made to perform duties that were outside the scope of her normal duties all because she continued to question and resist defendants' aforesaid corrupt billing practices.

**43.** Relator's harassment and treatment throughout her employment was in violation of 31 U.S.C. §§ 3730 (h).

12

**44.** As a direct and proximate result of this unlawful and retaliatory harassment and inability to work with defendants, relator has suffered emotional pain and mental anguish, together with economic hardship, including lost wages and special damages associated with her efforts to support herself and continue her education, in an amount to be proven at trial.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff/Relator prays for Judgment against defendants as follows:

1. The issuance of an Order of the United States District Court that defendants cease and desist from committing any further violations of the Civil False Claim Act;

2. The entry of an Order of Judgment against defendants in an amount equal to three times the amount of damages the United States has sustained as a result of Defendants false and fraudulent misconduct against it, as well as the assessment of a civil penalty against defendants of $11,500.00 or the appropriate and proper statutory monetary penalty then prevailing for each and every violation of the False Claims Act;

3. That Plaintiff/Relator be awarded the maximum amount of reward allowed pursuant to and in accordance with 31 U.S.C. § 3730 (d) of the Civil False Claim Act;

4. That Plaintiff/Relator be awarded all her costs and expenses of this action, including expert fees and expenses and all attorneys' fees;

5. That Plaintiff/Relator be awarded relief pursuant to 31 U.S.C. § 3730 (h) of the Civil False Claim Act, including an Order of the United States District Court, enjoining and restraining defendants from harassing or retaliating against her in any way or by any means;

6. That Plaintiff/Relator be awarded both pre-Judgment and post-Judgment interest upon any financial award as may be granted to her in this action; and

7. That the United States and Plaintiff/Relator receive all such other relief as the Court deems just and proper under the laws of the United States.

## X.   DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff/Relator herein respectfully demands a trial by jury on all Counts herein alleged.

Respectfully Submitted,
Plaintiff/Relator
Brittany Ames Mahoney

BY: _____
John F. O'Brien, Esquire
Federal Bar No. ct14412
411 Center Street
Manchester, CT 06040-3925
Phone: (860) 649-1010
Facsimile: (860) 432-7371
Email: attyjfobrien@aol.com

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 12th day of June 2015, a true and complete copy of the foregoing Qui Tam Complaint and all attachments was placed in the United States Mail, first class, Priority Mail, postage prepaid and addressed to:

The Honorable Loretta E. Lynch
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

And that three (3) copies of this Complaint and all attachments were delivered in hand in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure and Rule 5(d) of the Local Rules of Civil Procedure to:

Richard M. Molot, Esquire
Assistant United States Attorney
Office of the United States Attorney
157 Church Street, 23rd Floor
New Haven, CT 06510

John F. O'Brien, Attorney at Law
Attorney for Plaintiff/Relator
Federal Bar No. ct14412