## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, AND THE STATE OF CONNECTICUT, ex. rel. BRITTANY AMES MAHONEY ) ) ) ) **PLAINTIFFS** ) VS. ) ) ) COLUMBIA DENTAL, P.C., ) COLUMBIA ORAL MAXILLOFACIAL ) IMAGING, L.L.C., AND ) ABBAS MOHAMMADI, D.D.S. ) ) **DEFENDANTS** ) ) ) | Civil Action No. **3:15 CV 918 (SRU)** **FALSE CLAIMS ACT** Action Filed Pursuant to 31 U.S.C. § 3729, et seq. **FILED UNDER SEAL** Per 31 U.S.C. § 3730(b) (2) JULY 13, 2015 |

## FIRST AMENDED FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

### I.    INTRODUCTION

1.    This *qui tam* action is brought by relator, Brittany Ames Mahoney, to recover monetary damages, treble damages and civil penalties on behalf of the United States of America and the state of Connecticut arising from false, fraudulent and illegal claims by defendants, acting individually and in concert between and amongst themselves and with their agents, co-conspirators, directors, employees, officers and partners in violation of the Federal Civil False Claims Act, 31 U.S.C. §3729, et seq., as amended and hereinafter referred to as "the Act" as well as in violation of the Connecticut False Claims Act, §4-274, et seq., of the Connecticut General Statutes, as amended.  As alleged herein, the violations of the federal and state False Claims Acts involve vast numbers of false and inflated claims for payment by the United States, through the federal Department of Health and Human

1

Services and by Connecticut through the Connecticut Department of Social Services under both the Medicare and Medicaid programs, to defendants for dental and related services which claims defendants knew were false and inflated for services that were either never performed or those which were performed, were done to a lesser, lower or reduced level of service than claimed. Relator alleges, based upon her personal knowledge and belief, that defendants' false claims and billing practices were rampant and knowingly and wilfully engaged in and carried out by defendants and their agents, employees and partners in the regular course of doing business. Defendants' wrongful misconduct caused very substantial monetary losses to the United States and the State of Connecticut in that they paid for dental and related services that were never performed or at an inflated rate for lesser dental services than were claimed.

   2.     This action is <u>SEALED</u> pursuant to 31 U.S.C. 3730 (b) (2) and the Order of this Honorable Court. Relator respectfully requests that this matter remain <u>UNDER SEAL</u> subject to an investigation of the allegations set out herein by the office of the Attorney General of the United States and by the office of the United States Attorney for this District and the Attorney General of Connecticut. A copy of this Complaint is duly served to the Honorable Loretta E. Lynch, as Attorney General of the United States at the Department of Justice, 10th and Constitution Avenues, N.W., Washington, D.C. 20530, and to Anne F. Thidemann, Esquire Assistant United States Attorney for the District of Connecticut at 157 Church Street, 23rd Floor, New Haven, Connecticut 06510 and also upon the Honorable George Jepsen, as Attorney General of the State of Connecticut at 55 Elm Street, Hartford, Connecticut in accordance with § 4-277 (b) C.G.S.

   3.     As required by the False Claims Act, 31 U.S.C. §§ 3730 (b) (2), and § 4-277 (b) C.G.S relator has provided the Attorney General of the United States and the Assistant United States Attorney for the District of Connecticut and the Attorney General of the state of Connecticut a

sworn disclosure statement of all material evidence and information related to this Complaint. This disclosure statement is supported by specific and material evidence known to and obtained by relator which establishes and is evidence of the existence of Defendants' false claims against the United States and the state of Connecticut as alleged herein. Because the statement includes attorney-client communications and work product of relator's attorney and is submitted to the Attorney General and to the United States Attorney and the Connecticut Attorney General in their capacity as potential co-counsel in this litigation, the relator understands this disclosure to be confidential.

## II.  **JURISDICTION AND VENUE**

**4.**  This action arises under the False Claims Act, 31 U.S. C. §§ 3729 *et seq*. This Court has jurisdiction over this case pursuant to 31 U.S. C. §§ 3732 (a) and 3730 (b) as well as pursuant to 28 U.S.C. §§ 1345 and 28 U.S.C. §§ 1331. This Court has jurisdiction over those claims for and by the state of Connecticut pursuant to 31 U.S.C. § 3732 (b) as are herein included under the Connecticut False Claims Act, as aforesaid.

**5.**  Venue is proper in this District pursuant to 31 U.S. C. §§ 3732 (a) because all of the acts proscribed by 31 U.S. C. §§ 3729 *et seq.* and complained of herein took place in this district, and is also proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because at all times relevant herein, Defendants transacted and continue to transact their dental and related business solely within this District.

## III.  **PARTIES**

**6.**  Plaintiff/Relator, Brittany Ames Mahoney, is a resident of the state of Connecticut. She was employed by defendant, Columbia Dental, P.C., between April 2012 and on or about February 19, 2013 in several different capacities including but not limited to, as a dental assistant and as a billing assistant. She

regularly worked in excess of forty hours per week but was generally deprived of a set or consistent schedule of work hours. At all times during the course of her employment, relator was under the direct supervision and control of the defendant, Abbas Mohammadi, D.D.S., with whom she had frequent contact and private communications about matters relevant to this action and who is the sole owner, principal and proprietor of both of the two defendant business entities named herein. Relator brings this action based upon her own personal and direct knowledge of defendants' misconduct as alleged herein.

7. The United States through plaintiff/relator, Brittany Ames Mahoney, brings this action on behalf of the United States of America and its agencies, the Department of Health and Human Services ("HHS") and its subordinate, the Health Care Financing Administration ("HCFA"), and on behalf of the Medicare and Medicaid Programs of the United States government.

8. The state of Connecticut through plaintiff/relator, Brittany Ames Mahoney, brings and joins in this action on behalf of the state of Connecticut and its subordinate agency, the Connecticut Department of Social Services, hereinafter referred to as DSS, and on behalf of the Medicaid Program as it is administered by that state agency and funded with both very substantial federal payments along with substantial payments of Connecticut state public funds.

9. Defendant, Columbia Dental, P.C. is a professional corporation organized under the laws of the state of Connecticut and is doing business within Connecticut since approximately the year 2000 or earlier, where it operates approximately fifteen (15) dental offices across this state. Its principal business office is located at 483 West Middle Turnpike, Unit 214, Manchester, Connecticut 06040.

10. Defendant, Columbia Oral Maxillofacial Imaging, L.L.C., is a limited liability company organized under the laws of the state of Connecticut and is doing business since

approximately 2005 or earlier, where it operates at least one dental imaging facility located at 483 West Middle Turnpike, Unit 309, Manchester, CT 06040.

11. Defendant, Abbas Mohammadi, D.D.S., is a dentist licensed by the state of Connecticut and is the director, founder, incorporator, managing partner, owner and principal and sole proprietor of both defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C. and at all times relevant to this action exclusively controlled and directed all of the operations, policies and practices of both businesses including the preparation, coding and submission of claims for payment for dental and imaging services to the United States government for very substantial payments under the Medicare program and to the state of Connecticut for very substantial monetary payments under the Medicaid program, funded with substantial federal dollars, as more fully set forth below.

## IV. THE CIVIL FALSE CLAIMS ACT

12. The Civil False Claims Act, 31 U.S.C. §§ 3729, et seq., as amended, by the Fraud Enforcement and Recovery Act of 2009, Section 4(a) in pertinent part provides:

**Liability for Certain Acts**

"(1) IN GENERAL – any person who –

(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval:

(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; is liable to the United States Government for a civil penalty of not less than $5,000.00 and not more than $10,000.00, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461, note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

## V.   THE MEDICARE PROGRAM

**13.**   Congress, in 1965, enacted Title XVIII of the Social Security Act, known as the "Medicare Program" or "Medicare", to pay for the costs of certain health care services, including dental care and services, for certain eligible recipients of such Medicare benefits as determined by the age, disability or afflictions of applicants and participants. See 42 U.S.C. §§ 426, et seq.

**14.**   The federal Department of Health and Human Services (HHS) is responsible for the administration of the Medicare Program and does so through its subordinate agency, the Health Care Financing Administration ("HCFA") which receives claims for payment for dental services provided to Medicare participants and then disburses funds belonging to the United States to pay providers, including the defendants herein, for such dental and related services.

**15.**   The Medicare Program requires that all health care providers, such as and including the defendants herein, follow all applicable federal instructions, policies and regulations surrounding the accurate preparation of claims for payment for services which includes an express certification that all such claims are accurate, complete, correct and truthful and based upon medical or dental services that were actually necessary, provided and completed.

**16.**   The accuracy and integrity of the billing claims submitted by health care providers, such as and including defendants herein, forms the basis for the determination whether or not Medicare payments of public funds are due to such providers and in what amount.

**17.**   The United States government relies very heavily upon the integrity of health care providers, such as and including defendants herein, in submitting accurate and true billing claims

for Medicare payments so that the Medicare Program may be administered in full accordance with federal law and that federal government funds are spent only as Congress provided under law.

18. As hereinafter described, defendants deliberately and repeatedly took advantage of the Medicare Program and thus, the United States, by knowingly submitting false and fraudulent billing claims for payment to the United States government for dental and related services that were either never in fact provided or were entirely unnecessary or were done at a lesser or lower level of service than was billed for.

## VI.  THE MEDICAID PROGRAM

19. The United States together with those states that wish to participate in it, including the state of Connecticut, jointly fund the Medicaid Program within such states to provide health care benefits, including for dental care services, primarily to poor and disabled American citizens including approximately twenty percent (20%) of the population of Connecticut. The United States primarily provides very substantial federal funds as or by matching funds to those states including Connecticut that participate in the Medicaid Program but the actual administration of that program is left to the respective states with only nominal federal oversight. See 14 U.S.C. §§ 1396, 1396D – (a), et seq. and 42 U.S.C. §§ 1396, et seq. and 42 C.F.R. § 430.10

20. All health care providers, such as and including the defendants herein, must certify that all claims they submit for payments under the Medicaid Program are accurate, correct and truthful and based upon medical or dental services that were actually necessary, provided and completed.

21. The submission of false and fraudulent claims for payment under the Medicaid Program, by health care providers, such as and including by the defendants herein, causes real

7

economic damage and loss to both the United States and the subject state, such as here, the state of Connecticut, when public funds are disbursed to pay for medical or dental services that were never performed or were unnecessary or were performed to a lesser or lower level than was claimed and paid for by such government reimbursement with federal and state funds.

22.   As alleged herein, defendants engaged over a long period of time in a comprehensive and deliberate scheme to regularly and continuously submit false and fraudulent claims for payments under both the Medicare and the Medicaid Programs to both the United States and the state of Connecticut for dental and related services that were in many cases never performed at all or were unnecessary or performed to a lesser extent or lower level of service than what was claimed and reimbursed.  Such continuous submission of false and fraudulent claims to the United States and the state of Connecticut was a deliberate and routine business practice of all defendants herein that was corrupt and fraudulent and cost the United States and Connecticut very substantial financial losses over a very long period of time.

23.   The vast majority, if not all, of false and fraudulent claims for payment submitted by the defendants to both the United States and state of Connecticut were all done deliberately and knowingly in order to improperly receive a huge amount of fraudulent, unjustified and unlawful payments from the United States directly under the Medicare Program and from the state of Connecticut under the Medicaid Program and thus were all violations of the Civil False Claims Act, as aforesaid.

## VII.   FACT ALLEGATIONS

24.   Defendants are all health care service providers and participate in the federally funded health care programs including Medicare and Medicaid within the meaning of 42 U.S.C.

§ 1395x (u) and they all knowingly and willfully engaged in the submission of false and fraudulent claims to the United States and Connecticut for payment of government funds that included inflated billings for dental and related services that were never provided to any patient or which were unnecessary or provided to a lesser extent or lower level than claimed and they all wrongfully received and retained payment of very substantial sums federal and state funds for the same.

25.    Defendant, Abbas Mohammadi, D.D.S., had sole control over all of the financial, billing and management operations, policies and practices of his solely owned dental enterprises, the defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C, and he knowingly and intentionally instituted and enforced such corrupt billing policies and practices as standard operating procedures in defendants' dental practices  that were specifically designed and intended to, and  did, defraud the United States and Connecticut for the payment of vast sums of monetary benefits to which the defendants were not entitled under the subject federal and state laws.

26.    The defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C, under the personal control and direction of defendant, Abbas Mohammadi, D.D.S., throughout relator's employment at Columbia Dental, P.C., and reasonably long before, and since her resignation from that dental practice, certified to the United States and Connecticut that their business and claims practices were entirely compliant with all of the applicable federal and state laws and rules and regulations regarding their claims for compensation under the Medicare and Medicaid Programs and that all claims submitted to the federal and state governments for reimbursement were accurate, true and legitimate under those laws and regulations.

27. The defendants knowingly and deliberately established and operated a corrupt dental business enterprise and system to routinely and systematically defraud the United States and Connecticut of substantial public funds and maximize their wrongful receipt of funds from the United States and Connecticut for fraudulent claims for dental and related services that were either never performed or provided at all or not to the extent or level for which they were billed.

28. The defendants implemented and enforced their aforesaid corrupt billing policies and practices amongst their employees, including relator herein, through coercion and intimidation by aggressively not tolerating any dissent or questions regarding such corrupt and fraudulent billing practices and furthermore, any employee, such as and including the relator herein, who dared to question or resist such unlawful conduct was harassed, disparaged and deprived of compensation through reduced work hours and ridiculed and humiliated in front of their peers.

29. Defendants implemented a method of compensating the dentists they employed that was inherently corrupt because it based their remuneration upon a percentage or share of the billings they each generated for reimbursement from the federal and state governments and other insurers and thus encouraged and induced their collaboration and cooperation in defendants' corrupt practices by falsely certifying that dental services had been performed when in fact they had never been done at all or were done to a lesser extent or level than what services were billed for and claimed all to increase their own individual and the defendants' earnings.

30. Defendants consistently and routinely submitted false billing claims to the United States and Connecticut on the forms and in the format required by the government agencies and transmitted these fraudulent forms to the government through the United States Postal Service mail and electronically over the telephone facsimile and internet wire services in their numerous offices.

## VIII.   CLAIMS

### COUNT ONE – VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(1)

1.   Relator incorporates by reference all of the allegations contained within the above paragraphs One through Thirty, inclusive, within Sections One through Seven of this Complaint, and reasserts them here as paragraphs One through Thirty, inclusive of this Count One, as if fully set forth here.

31.   Defendants knowingly presented, or caused to be presented, to an officer or employee of the United States government, false and fraudulent claims for payment of very substantial sums of federal monies which they knew they were not entitled to.

32.   Defendants made and presented claims to the United States government that they knew were false and fraudulent and through which they wrongfully sought and received excessive payments for those fraudulent claims from the federal treasury.

33.   Defendants also made express and implied certifications that they knew were false in order to obtain excessive payment for their fraudulent claims from the United States.

34.   Defendants' aforesaid corrupt conduct has caused very substantial financial damage to the United States.

### COUNT TWO – VIOLATION OF THE FALSE CLAIMS ACT, 31 U.S.C. §3729(a)(2)

1.   Relator incorporates by reference all of the allegations contained within the above paragraphs One through Thirty-four, inclusive of Count One and reasserts them here as paragraphs One through Thirty-four, inclusive of this Count Two, as if fully set forth here.

35.     Defendants regularly and routinely created, used and caused to be presented to the United States government, claims records or statements that they knew were fraudulent in order to obtain excessive government payments to which they knew they were not entitled.

36.     Defendants' aforesaid corrupt conduct has caused very substantial financial damage to the United States.


## COUNT THREE – RETALIATION IN VIOLATION OF FALSE CLAIMS ACT, 31 U.S.C. §§ 3730 (h)

1.     Relator incorporates by reference all of the allegations contained within the above paragraphs One through Thirty-six, inclusive of Count Two and reasserts them here as paragraphs One through Thirty-six, inclusive of this Count Three, as if fully set forth here.

37.     Relator repeatedly challenged and questioned the corrupt billing and dental practices that she observed during the course of her employment by the defendants, Abbas Mohammadi, D.D.S. and Columbia Dental, P.C., by at first communicating her dissent to known abuses directly to defendant, Abbas Mohammadi, D.D.S. as the owner and principal.

38.     Defendant Abbas Mohammadi, D.D.S.  aggressively told relator that the extensive corrupt billing and dental practices that she observed were the way that he had always done business and that she and all other employees must adhere to them by falsifying claims to the government for payment in the greatest possible amounts or face his severe consequences including termination.

39.     Relator was threatened with termination and being "black balled" or "black listed"

or professionally disparaged within the dental profession if she did not always obey defendant Abbas Mohammadi, D.D.S. and stop questioning the corrupt billing and dental practices that she complained of and resisted.

**40.**   Relator was publically and repeatedly criticized, denigrated and humiliated before other employees and patients by defendant Abbas Mohammadi, D.D.S. and his subordinate managers, and referred to as a "dumb bitch" and "ugly" and "a liar" and deprived of her full-time hours of work and made to perform duties that were outside the scope of her normal duties all because she continued to question and resist defendants' aforesaid corrupt billing and dental practices.

**41.**   Relator's harassment and treatment throughout her employment was in violation of 31 U.S.C. §§ 3730 (h).

**42.**   As a direct and proximate result of this unlawful and retaliatory harassment and inability to work with defendants, relator has suffered emotional pain and mental anguish, together with economic hardship, including lost wages and special damages associated with her efforts to support herself and continue her education, in an amount to be proven at trial.

## COUNT FOUR – VIOLATION OF THE CONNECTICUT FALSE CLAIMS ACT, §4-274, ET SEQ., C.G.S.

**1.**   Relator incorporates by reference all of the allegations contained within the above paragraphs One through Thirty, inclusive, within Sections One through Seven of this Complaint, and reasserts them here as paragraphs One through Thirty, inclusive of this Count Four, as if fully set forth here.

**31.**   This Fourth Count is brought pursuant to the Connecticut False Claim Act, as set

forth at Title 4, Chapter 55e, §4-274, et seq., of the Connecticut General Statutes, as amended, and enacted by P.A. 14-217 on behalf of and in the name of the State of Connecticut by relator and original source, Brittany Ames Mahoney.

32.   This action is filed **<u>UNDER SEAL</u>** pursuant to §4-277 (b), C.G.S.

33.   This action is served upon the Honorable George Jepsen, as the Attorney General of the State of Connecticut to investigate the allegations contained herein pursuant to his authority under §4-276, C.G.S. and then determine if the State of Connecticut shall assume control over this case and prosecute it together with the United States Attorney against the defendants herein under the said Act or otherwise.

34.   Relator/original source, Brittany Ames Mahoney, is a Connecticut resident and was at all times relevant employed by the defendant, Columbia Dental, P.C. and was under the direct supervision of the defendant, Abbas Mohammadi, D.D.S., as more fully set forth hereafter and presents this claim based upon her personal knowledge of the allegations asserted herein.

35.   Defendant, Abbas Mohammadi, D.D.S., is a general dentist licensed by the state of Connecticut and is the creator, director, founder, incorporator, managing partner, owner and principal and sole proprietor of both defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C. and at all times relevant to this action exclusively controlled and directed all of the operations, policies and practices of both businesses including the preparation, coding and submission of claims for payment for dental and imaging services to the state of Connecticut for very substantial payments under the Medicaid program and other state benefit and insurance programs for very substantial monetary payments under the Medicaid Program, as more fully set forth below.

36.  The Connecticut False Claims Act as aforesaid provides for civil actions such as this wherein private citizens such as relator/original source herein, have knowledge of misconduct against the state of Connecticut by any entity that presents false claims to the state which defraud the state of its funds or other resources and which violate the laws of this state.

37.  The state of Connecticut by and through the Commissioner of the Department of Social Services, hereinafter DSS, administers the Medicaid program pursuant to Title XIX of the federal Social Security Act in accordance with §17b-2, C.G.S and the Commissioner of DSS has authority pursuant to  §17b-7a, C.G.S. to investigate fraudulent practices and conduct by medical and dental care providers such as and including the defendants herein.

38.  Approximately twenty percent (20%) of the population of the state of Connecticut is poor and/or disabled and is therefore eligible for various governmental benefit programs including the Medicaid Program which is jointly funded by the United States and the state of Connecticut to provide health care benefits, including for dental care services for such qualified persons.

39.  The Connecticut DSS is responsible for the administration and implementation of the state's Medicaid Program, which is provided to different the populations or groups of eligible recipients under the several versions of the Connecticut Husky Plans including Husky A, Husky B; Husky C, which is also known as "Medicaid for the Aged/Blind/Disabled"; Husky D, which is also known as "Medicaid for the Lowest-Income Populations; and Med-Connect, which is also known as "Medicaid for Employees with Disabilities".

40.  DSS receives and processes claims for payment for dental  services provided to participants

in the Connecticut Husky Programs and then disburses State funds to pay dental service providers, including the defendants herein, for such dental and related services.

41.   Defendants are all health care service providers who applied to participate in and to accept and treat dental patients enrolled in, and were duly approved to participate in, the Medicaid and Husky Programs administered by the DSS and funded by the state of Connecticut with both federal and state funds.

42.   The Medicaid Program pursuant to both federal law and regulations and state law and regulations requires that all health care providers, such as and including the defendants herein, follow all applicable federal and state instructions, policies and regulations surrounding the preparation of claims for payment for dental services which includes a certification that all such claims are accurate, complete, correct and truthful and based upon medical or dental services that were truly necessary and were actually provided and completed as billed for.

43.   The accuracy and integrity of the billing claims submitted by health care providers, such as and including defendants herein, forms the basis for the determination whether or not Medicaid payments of state funds are due to such providers and in what amount under the law.

44.   The state of Connecticut relies upon the integrity of health care providers, such as and including defendants herein, in submitting accurate and true billing claims for Medicaid payments so that the Medicaid Program may be administered in full accordance with federal and state laws and that state funds are disbursed and spent only in full accordance with the law.

45.   Defendants herein consistently at all relevant times submitted claims to the state of

Connecticut DSS for payment of dental and related services which claims they expressly and implicitly certified were accurate and true and to which they as dental care providers were entitled to payment under the Connecticut Medicaid Program.

46. As hereinafter described, defendants deliberately, knowingly and repeatedly took advantage of the Medicaid Program and thus, the state of Connecticut, by knowingly submitting false and fraudulent billing claims for payment to the state of Connecticut for dental and related services that were either never in fact provided or were entirely unnecessary or were provided to a lesser or lower level of service than was billed for and ultimately paid to defendants.

47. All health care providers, such as and including the defendants herein, must certify to the state of Connecticut that all claims they submit for payments under the Medicaid Program are accurate, correct and truthful and based upon medical or dental services that were truly necessary, provided and completed.

48. The submission of false and fraudulent claims for payment under the Medicaid Program, by health care providers, such as and including the defendants herein, causes real economic damage and loss to the state of Connecticut when public funds are disbursed to pay for medical or dental services that were never performed or were unnecessary or performed to a lesser or lower level than claimed and paid for and reimbursed by the State of Connecticut with both state and federal funds.

49. As alleged herein, defendants knowingly engaged for many years in a comprehensive and deliberate scheme to continuously and systematically submit false and fraudulent claims for

payments under the Medicaid Program to the state of Connecticut for dental and related services that were in many cases never performed at all or were unnecessary or performed to a lesser extent or lower level of service than what was claimed by and reimbursed to them.

50. The defendants' continuous submission of false and fraudulent claims to the state of Connecticut was a deliberate and routine business practice of all defendants herein that was knowingly corrupt and fraudulent and has cost the state of Connecticut very substantial financial losses over an extensive period of time.

51. The false and fraudulent claims for payment submitted by the defendants herein were all done deliberately and knowingly in order to improperly receive excessive, fraudulent, unjustified and unlawful payments from the state of Connecticut directly under the Medicaid Program and thus, were all violations of the Connecticut False Claims Act, as aforesaid.

52. Defendant, Abbas Mohammadi, D.D.S., had sole control over all of the financial and billing operations, policies and practices of his solely owned dental enterprises, the defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C, and he knowingly and intentionally instituted and enforced such corrupt billing policies and practices as standard operating procedures of his subordinate and solely controlled dental practices that were specifically designed and intended to, and did, defraud the state of Connecticut for the payment of vast sums of monetary benefits to which the defendants were not entitled under the applicable federal and Connecticut laws.

53. The defendants, Columbia Dental, P.C. and Columbia Oral Maxillofacial Imaging, L.L.C, under the personal control and direction of defendant, Abbas Mohammadi, D.D.S., throughout relator/original source's employment at Columbia Dental, P.C., and reasonably before

18

and since her resignation from that dental practice, certified to the state of Connecticut that their business and claims practices were entirely compliant with all of the applicable State and federal rules and regulations regarding their claims for compensation under the Medicaid Program and that all claims submitted to the state of Connecticut for reimbursement were accurate, true and legitimate under all applicable laws and regulations.

54.   The defendants knowingly and deliberately established and operated a corrupt and predatory dental enterprise and system to routinely and systematically defraud the state of Connecticut and maximize their wrongful receipt of state Medicaid Program funds for their fraudulent claims for dental and related services that were either never performed or provided at all or were provided to a lesser extent or level than was billed for.

55.   The defendants implemented and enforced their aforesaid corrupt billing policies and practices amongst their employees, including plaintiff herein, through coercion and intimidation by aggressively oppressing and not tolerating any dissent from the defendant or questioned regarding such corrupt and fraudulent billing practices and furthermore, any employee, such as and including the plaintiff herein, who ever questioned or resisted such unlawful conduct was harassed and deprived of compensation through reduced work hours and ridiculed and humiliated in front of their peers.

56.   Defendants devised and implemented a method of compensating the dentists they employed that was inherently corrupt because it based their remuneration upon a percentage or share of the billings they each generated for reimbursement from the state of Connecticut and other insurers and thus encouraged and induced their collaboration and cooperation in defendants' corrupt practices by falsely certifying that dental services had been performed when in fact they had

never been done at all or were done to a lesser extent or level than what services were billed for and claimed or were performed even when such services were unnecessary all to increase their own personal income and the defendants' earnings from the state of Connecticut.

57. Defendants routinely submitted false and fraudulent billing claims to the state of Connecticut on the forms and in the format required by the state and transmitted these fraudulent forms to DSS for payments which were then paid in very substantial amounts of state funds to which defendants were not truly entitled under the applicable federal and Connecticut laws.

## COUNT FIVE – DISCRIMINATORY AND RETALIATORY EMPLOYMENT PRACTICES IN VIOLATION OF THE FALSE CLAIMS ACT, §4-284, C.G.S.

1. Plaintiff incorporates by reference all of the allegations contained within the above paragraphs One through Fifty-seven, inclusive of Count Four as if fully set forth here and made paragraphs One through Fifty-seven, inclusive of this Fifth Count.

58. Defendants discriminated and retaliated against employees, such as and including the relator/original source herein, in relation to any questioning of or resistance to the defendants' aforesaid corrupt and fraudulent billing and dental practices by such employees in many ways, including but not limited to, the following:

a. Threatening employees with immediate termination if they did not comply with anything that was ordered of them by any of the defendants or their subordinate managers including coerced participation in all aspects of the corrupt and fraudulent billing and dental practices including compulsory completion of claims forms to the state of Connecticut for dental services that

the employee knew were not done by the dentist as claimed or were not performed at all or were done to a lower or lesser level of care than was claimed; and,

    **b.** Harassing, intimidating and ridiculing dissenting employees who questioned anything demanded of them including coerced participation in defendants' corrupt and fraudulent billing and dental practices by yelling and screaming at such employees and calling them stupid and ignorant in front of co-workers and patients; and,

    **c.** Severely and immediately cutting the hours of any dissenting employee from a full-time or greater work schedule to a very low amount of part-time hours so as to immediately reduce their income and ability to support themselves and families; and,

    **d.** Discriminating against female employees generally by calling them "bitches" and assigning them particular canine breeds as part of their identity within the workplace, so that relator/original source was a "German Shepard bitch" and other women employees were similarly so identified and which misconduct also violated § 46a-60, C.G.S.; and,

    **e.** Forcing employees to do menial and demeaning duties, below their professional qualifications and usual duties, including cleaning offices and running errands for defendant, Abbas Mohammadi, D.D.S., such as shoveling snow at his personal residence during the winter and traveling to the Hartford train station to pick up foreign dentists who were not licensed in Connecticut but who then practiced dentistry in the two defendant dental practices anyway and,

    **f.** Refusing to pay overtime wages to employees for their labors that exceeded forty hours per week in violation of Connecticut employment and labor law; and,

    **g.** Compelling employees to accept only cash payments as compensation for their work and personal labor, without making any of the required tax deductions and withholdings from such

wages in order to further control employees by leaving them unable to ever prove such earnings for the purposes of a claim for unemployment compensation upon termination or separation from defendants' employ and to make them complicit in defendant's unlawful failure to properly pay employment taxes and withholdings and otherwise comply with federal and state taxation laws.

59. Relator/original source repeatedly challenged and questioned the corrupt billing and dental practices that she observed during the course of her employment by the defendants, Abbas Mohammadi, D.D.S. and Columbia Dental, P.C., by at first communicating her dissent against known abuses directly to defendant, Abbas Mohammadi, D.D.S. as the owner and principal.

60. Relator/original source was aggressively told by defendant Abbas Mohammadi, D.D.S. that the corrupt billing and dental practices that she observed and complained of were the way that he did business and that she and all other employees must adhere to them by falsifying claims to the state of Connecticut for payment in the greatest possible amounts or face his consequences including termination.

61. Relator/original source was threatened with termination and being "black balled" or "black listed" and disparaged within the dental profession by defendant Abbas Mohammadi, D.D.S. if she did not always obey him and stop questioning anything demanded of her, including acquiescing in the corrupt billing and dental practices by defendants that she complained of and resisted.

62. Relator/original source was publically and openly criticized, denigrated, ridiculed and humiliated in front of other employees and patients by defendant Abbas Mohammadi, D.D.S. and his subordinate managers, and regularly referred to as a "dumb bitch" and "ugly" and "a liar" and deprived of her full-time hours of work and made to perform duties that were outside the scope of

her normal duties all because she continued to question and resist defendants' abuses and aforesaid corrupt billing and dental practices.

63.   The discrimination, harassment and retaliatory treatment of relator/original source throughout her employment as aforesaid represents a direct violation of §4-284, C.G.S.

64.   As a direct and proximate result of this unlawful and retaliatory harassment and inability to work with defendants, relator/original source has suffered emotional pain and mental anguish, together with economic hardship, including lost wages and special damages associated with her efforts to support herself and continue her education, in an amount to be proven at trial.

## IX.   **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff/Relator prays for Judgment against defendants as follows:

1.      The issuance of an Order of the United States District Court that defendants cease and desist from committing any further violations of the federal False Claim Act and state law;

2.      The entry of an Order of Judgment against defendants in an amount equal to three times the amount of damages the United States has sustained as a result of defendants' false and fraudulent misconduct against it, as well as the assessment of a civil penalty against defendants of $11,500.00 or the appropriate and proper statutory monetary penalty then prevailing for each and every violation of the False Claims Act;

3.      That Plaintiff/Relator be awarded the maximum amount of reward allowed pursuant to and in accordance with 31 U.S.C. § 3730 (d) of the False Claim Act and §4-275(b) C.G.S.;

4.      That Plaintiff/Relator receive monetary damages pursuant to  §4-284(b) C.G.S.;

5.      That Plaintiff/Relator be awarded all her costs and expenses of this action, including expert fees and expenses and all attorneys' fees;

6.      That Plaintiff/Relator be awarded relief pursuant to 31 U.S.C. § 3730 (h) of the Civil False Claim Act, including an Order of the United States District Court, enjoining and restraining defendants from harassing or retaliating against her in any way or by any means;

7.      That Plaintiff/Relator be awarded both pre-Judgment and post-Judgment interest upon any financial award as may be granted to her in this action; and

8.      That the United States, the state of Connecticut and Plaintiff/Relator receive all such other relief as the Court deems just and proper under the laws of the United States and the state of Connecticut.

## X.    **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff/Relator herein respectfully demands a trial by jury on all Counts herein alleged.

Respectfully Submitted,
Plaintiff/Relator
Brittany Ames Mahoney

BY:    _John F. O'Brien_
John F. O'Brien, Esquire
Federal Bar No. ct14412
411 Center Street
Manchester, CT 06040-3925
Phone: (860) 649-1010
Facsimile: (860) 432-7371
Email:  attyjfobrien@aol.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on this the 13th day of July 2015, a true and complete copy of the foregoing Qui Tam First Amended Complaint was placed in the United States Mail, first class, Priority Mail, postage prepaid and addressed to:

The Honorable Loretta E. Lynch
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

And that three (3) copies of this First Amended Complaint were delivered in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure and Rule 5(d) of the Local Rules of Civil Procedure to:

Anne F. Thidemann, Esquire
Assistant United States Attorney
Office of the United States Attorney
1000 Lafayette Boulevard, 10th Floor,
Bridgeport, CT 06604

And that a true and certified copy of this First Amended Complaint was served in accordance with §4-277 (b), C.G.S. upon:

The Honorable George Jepsen
Attorney General of the State of Connecticut
55 Elm Street, Hartford, CT 06106-1774

And that a true and complete copy of this First Amended Complaint and all attachments were delivered in hand in accordance with Rules 4 and 5 of the Federal Rules of Civil Procedure to:

Robert B. Teitelman, Esquire
Assistant Attorney General
State of Connecticut
55 Elm Street, Hartford, CT 06106-1774

John F. O'Brien, Attorney at Law
Attorney for Plaintiff/Relator
Federal Bar No. ct14412